# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-0646V**
UNPUBLISHED

KERIA EDWARDS,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: December 19, 2019

Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA)

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On May 7, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that she suffered left shoulder injuries related to vaccine administration ("SIRVA") resulting from a Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine received on October 25, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 24, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On December 19, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $57,500.00 in actual and projected pain and suffering (reduced to net present value) as well as

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$4,543.32 to satisfy a State of Ohio Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $57,500.00**, **representing compensation for pain and suffering, in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $4,543.32, representing compensation for satisfaction of the State of Ohio Medicaid lien, payable jointly to Petitioner and:**

Treasurer, State of Ohio
Ohio Tort Recovery Unit
350 Worthington Rd., Suite G
Westerville, OH 43082
Case Number: 1146078

Petitioner agrees to endorse this payment to the above payee.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| KERIA EDWARDS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 18-646V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF DAMAGES**

On May 7, 2018, Keria Edwards ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleged that petitioner suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") following her receipt of a tetanus-diphtheria-acellular pertussis vaccine on October 25, 2016. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on July 24, 2019. Based on Respondent's Rule 4(c) Report the Chief Special Master found petitioner entitled to compensation.

## I. Items of Compensation

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $57,500.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

**B. Medicaid Lien**

Respondent proffers that petitioner should be awarded funds to satisfy the State of Ohio Medicaid lien in the amount of $4,543.32, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 25, 2016, under Title XIX of the Social Security Act.

## II. Form of the Award

Respondent recommends that compensation provided to petitioner should be made through lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following, representing all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a):

A. A lump sum payment of **$57,500.00**, representing compensation for pain and suffering, in the form of a check payable to petitioner;[1] and

B. A lump sum payment of **$4,543.32**, representing compensation for satisfaction of the State of Ohio Medicaid lien, payable jointly to petitioner and

Treasurer, State of Ohio
Ohio Tort Recovery Unit
350 Worthington Rd., Suite G
Westerville, OH 43082
Case Number: 1146078

Petitioner agrees to endorse this payment to the above payee.

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1586

Date: December 19, 2019